(No. 96-CV-0206–)

*In re* APPLICATION OF RODRIGO ARZALUZ

*Order filed April 15, 1996.*
*Opinion filed October 29, 1997.*

LEGAL ASSISTANCE FOUNDATION OF CHICAGO (DEVEREUX BOWLY, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (PAUL H. CHO and DONALD C. MCLAUGHLIN, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on July 6, 1995. The Claimant, Rodrigo Arzaluz, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on July 25, 1995, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on July 6, 1995, the Claimant was allegedly shot by an offender who was known to him. The incident occurred at 1121 North Dearborn, Chicago, Illinois. Police investigation revealed that, prior to the incident, the Claimant and the alleged offender were involved in a verbal dispute. During this dispute, the alleged offender punched the Claimant in the face. The alleged offender was apprehended and charged with battery. However, due to the Claimant's failure to appear in court, an order of stricken on leave to reinstate by the Court and the criminal charge was later dismissed.

2. That section 6.1(c) of the Act states that a person is entitled to compensation under the Act if the applicant

has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That an investigation by the Attorney General's office shows that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant, in that he failed to appear in Court for the criminal proceedings. As a result, an order of stricken on leave to reinstate was entered by the Court and the criminal charge was dismissed.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, he is not eligible for compensation thereunder.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

EPSTEIN, J.

This crime victim's claim arises out of an incident that occurred on July 6, 1995, in which the Claimant was a victim of a battery. Claimant seeks compensation pursuant to the Crime Victim's Compensation Act (the Act). 740 ILCS 45/1 et seq.

### History of the Claim

On July 25, 1995, Claimant filed his application for compensation; on March 1, 1996, the Attorney General's investigatory report was filed; and on April 15, 1996, this Court issued an order denying the claim for failure to cooperate with law enforcement officials. On May 13, 1996 Claimant filed his request for reconsideration and hearing on the matter, which we granted and assigned the

claim to our Commissioner for hearing, which was set for February 20, 1997.

### The Evidence at Hearing

At the hearing, Claimant appeared with his attorney. Claimant testified that he is 25 years old and a pharmacology student (Transcript 5), and that on July 6, 1995, he was the innocent victim of a battery. Claimant was taken from the scene of the incident by ambulance. (Transcript 12.)

He learned the court date would be on August 29, 1995, at 9:30 a.m., in Room 1000 at 1121 S. State Street from the police report and from his friends, who were witnesses to the incident. (Transcript 19.) The police did not notify him of the offender's name. (Transcript 6-7.)

Claimant appeared on the court date. The courtroom was very crowded and noisy, and Claimant did not hear or recognize the name of the offender when his case was called. However, Claimant did recognize the names of some of the witnesses called by the State's Attorney, whom the Claimant approached. The prosecutor advised Claimant that his name was not on the witness list and that they would request another hearing to get his name on the list. (Transcript 8-9.) Claimant attempted to explain that he was the victim but in the confusion he was apparently unable to make himself clear to the State's Attorney, who appeared to believe that he was another occurrence witness. The State's Attorney told Claimant that the case would be called again. (Transcript 9-10.)

Claimant testified that he had no prior experience in court and that he went immediately to the public phone and called the crime victim advocate at the Legal Assistance Foundation and asked what he should do. She advised him that she would have to get back to him. (Transcript 9-10.) Claimant left the court after 10:00 a.m. thinking the case would be continued. (Transcript 11.)

Claimant testified that as a result of the incident he lost 17 days from work. His lost wages totaled $2,685.75.

Concepcion Tapia, a friend of the Claimant, also testified. She said she was present and witnessed the offender's attack on Claimant. She testified that he was the innocent victim of the crime. Tapia also testified that she appeared late on the court date, and saw Claimant in the hall outside the courtroom. Claimant then related the events in the courtroom to her much as he testified in this proceeding. She also was unfamiliar with the court system and assumed the case would be continued. (Transcript 24-25.)

Discussion

Section 6.1 of the Act provides that a person is entitled to compensation if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant. The sole question in this case is whether Claimant has done so.

The Claimant was clearly and undisputedly the innocent victim of a battery, which is a covered crime under the Act.

In reviewing Claimant's conduct, we take note of the fact that at the time of the incident, Claimant was taken from the scene by ambulance and only later advised of the court date. There is no issue of his cooperation or non-cooperation on the date of the incident.

Claimant makes a showing of his intent to prosecute the offender, which is supported by his court appearance. The record affirmatively reflects a consistent course of conduct that is cooperative and that reflects an effort to testify. There is no police or prosecution testimony or documentation of Claimant being uncooperative. The Claimant's testimony was clear and credible to our Commissioner.

The statutory intent of section 6.1 of the Act is to preclude recovery to persons who fail to cooperate with law enforcement. Clearly in this case, Claimant made a sincere attempt to prosecute the offender. Unfortunately, due to the all too common circumstances of our criminal justice system, his attempts were thwarted. But his efforts are sufficient to convince this Court that he should not be denied recovery under the Act for non-cooperation under section 6.1.

Claimant also produced clear testimony and sufficient supporting documentation to establish both his claim for lost wages in the amount of $625, and for medical expenses to Northwestern Memorial Hospital in the amount of $2,041.75 and to Northwestern Medical Faculty Foundation, Inc. in the amount of $644.

It is hereby ordered that the Claimant is awarded the sum of $3,310.75 from the crime victims fund as his compensation under the Act as an innocent victim of battery on July 6, 1995 to be paid as follows:

| | |
|---|---|
| Lost wages to Claimant | $ 625.00 |
| Medical expenses to | |
| Northwestern Memorial Hosp. | $2,041.75 |
| Northwestern Medical Facility | |
| Foundation, Inc. | $ 644.00 |
| | $3,310.75 |